# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.) No. 16-1074** (Harrison County 16-F-3-2)

**Steven Don Barker,**
**Defendant Below, Petitioner**

**FILED**

**October 23, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Steven Don Barker, by counsel Jason M. Glass, appeals the Circuit Court of Harrison County's October 17, 2016, order denying his post-verdict motion for judgment of acquittal. Respondent State of West Virginia, by counsel Sarah B. Massey, filed a response. On appeal, petitioner contends that the circuit court erred in failing to grant his post-verdict motion for judgment of acquittal following his convictions of four counts of sexual abuse by a parent, guardian, or custodian and three counts of third-degree sexual assault because the victim's testimony was uncorroborated and incredible.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On January 6, 2016, petitioner was indicted on four counts of sexual abuse by a parent, guardian, or custodian and three counts of third-degree sexual assault. All of these offenses were alleged to have occurred between August 1, 2010, and December 31, 2010. Following a jury trial that commenced on June 13, 2016, petitioner was convicted of all seven counts. Thereafter, petitioner moved for post-verdict judgment of acquittal arguing that the evidence was insufficient to convict him because there was no physical evidence and the victim's testimony was contradictory and lacked detail. By order entered on October 13, 2016, petitioner's motion was denied. It is from this order that petitioner appeals.

This Court applies a de novo standard of review to appeals from rulings on a motion for judgment of acquittal:

> The trial court's disposition of a motion for judgment of acquittal is subject to our *de novo* review; therefore, this Court, like the trial court, must scrutinize the evidence in the light most compatible with the verdict, resolve all credibility

disputes in the verdict's favor, and then reach a judgment about whether a rational jury could find guilt beyond a reasonable doubt.

*State v. LaRock*, 196 W.Va. 294, 304, 470 S.E.2d 613, 623 (1996). Regarding our review of a claim alleging insufficiency of the evidence, this Court has held that

> [t]he function of an appellate court when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, is sufficient to convince a reasonable person of the defendant's guilt beyond a reasonable doubt. Thus, the relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt.

Syl. Pt. 1, *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995). Further,

> A criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden. An appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt. Credibility determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt.

*Id.* at 663, 461 S.E.2d at 169, Syl. Pt. 3, in part.

On appeal, petitioner argues that his convictions were based solely upon the victim's uncorroborated testimony. Petitioner states that there was no physical evidence, and claims that the victim's testimony was inconsistent because she testified that the sexual abuse and assaults took place at night while her mother was at work, but her mother did not work in the evening. Petitioner also claims that the victim's testimony lacked specificity, such as the exact month that the offenses occurred. Petitioner argues that these deficiencies in the victim's testimony rendered her testimony incredible, therefore leaving no rational jury able to find him guilty beyond a reasonable doubt.

We have previously held that "[a] conviction for any sexual offense may be obtained on the uncorroborated testimony of the victim, unless such testimony is inherently incredible, the credibility is a question for the jury." Syl. Pt. 5, *State v. Beck*, 167 W.Va. 830, 286 S.E.2d 234 (1981). To establish inherent incredibility, one must show "more than contradiction and lack of corroboration." *State v. McPherson*, 179 W.Va. 612, 617, 371 S.E.2d 333, 338 (1988). Rather, establishing inherent incredibility "require[s] a showing of 'complete untrustworthiness[.]'" *Id.* (citation omitted). Further, "when a trial court is asked to grant a motion for acquittal based on

2

insufficient evidence due to inherently incredible testimony, it should do so only when the testimony defies physical laws." *Id.* (citations omitted).

Petitioner's assignment of error is without merit. As set forth above, sexual offense convictions may be obtained on the victim's uncorroborated testimony. We further find that the alleged contradiction between whether it was night or day when the offenses occurred is insufficient to establish that the victim's testimony was inherently incredible. The victim was always consistent in testifying that her mother was at work when the offenses occurred. Her mother worked until approximately 5:30 p.m. During at least the later portions of the time span within which the offenses occurred, night was beginning to fall just prior to her mother getting off work. Moreover, the offenses occurred more than five years prior to the victim's testimony. The fact that her accounts lacked specific details, such as the month in which the offenses occurred, does not render her testimony inherently incredible. Rather, it was for the jury to assess and properly weigh the victim's testimony. The jury heard the victim's direct testimony as to when the offenses occurred, and she was cross-examined on this issue. The jury proceeded to weigh her testimony and judge its credibility. Ultimately, the jury believed her. "On review, we will not weigh evidence or determine credibility. Credibility determinations are for a jury and not an appellate court." *Guthrie*, 194 W.Va. at 669, 461 S.E.2d at 175. Accordingly, we find that the court did not err in denying petitioner's post-verdict motion for judgment of acquittal.

For the foregoing reasons, the circuit court's October 17, 2016, order denying his post-verdict motion for judgment of acquittal is hereby affirmed.

Affirmed.

**ISSUED**: October 23, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker